Jorge L. SUAREZ, Plaintiff, Appellant,

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant, Appellee.**

No. 84–1242.

United States Court of Appeals, First Circuit.

Submitted July 2, 1984.

Decided Aug. 8, 1984.

As Amended Aug. 21, 1984.

Fabio A. Roman Garcia, Arecibo, P.R., on brief for plaintiff, appellant.

Richard K. Willard, Acting Asst. Atty. Gen., Washington, D.C., Daniel F. Lopez Romo, U.S. Atty., Hato Rey, P.R., and Julie Uren, Dept. of Health and Human Services, Baltimore, Md., on brief for defendant, appellee.

Before COFFIN, BOWNES and BREYER, Circuit Judges.

PER CURIAM.

From our review of the record in this case, we conclude that there was not substantial evidence to support the Secretary's finding of no disability for the period from June 1977 until June 1979. Rather the uncontroverted medical evidence showed that claimant suffered from chronic, undifferentiated schizophrenia with depression, agitation, hallucinations, and delusions, as well as little ability to tend to daily activities or to sustain interpersonal relationships. As such, claimant's disorder met the definition in the Listing of Impairments for a functional psychotic disorder, 20 CFR Appendix 1, § 12.03 and he was entitled to a presumption of disability for the relevant time period. The ALJ, although empowered to make credibility determinations and to resolve conflicting evidence, *Miranda v. Secretary of HEW*, 514 F.2d 996, 1000 (1st Cir.1975), was not at liberty simply to ignore uncontroverted medical reports. *See, e.g., Walden v. Schweiker*, 672 F.2d 835, 839–40 (11th Cir. 1982); *Smith v. Califano*, 637 F.2d 968, 970–71 (3rd Cir.1981); *Behnen v. Califano*, 588 F.2d 252, 254 (8th Cir.1978); *Hassler v. Weinberger*, 502 F.2d 172, 178 (7th Cir. 1974).

**2**

Since claimant's evidence demonstrated the existence of a "Listed Impairment", there is no need for further proceedings. The judgment of the District Court is reversed, and the case is remanded with instructions to remand to the Secretary for the payment of benefits to the claimant for the period from June 1977 to June 1979 or for such longer period as he continues to be disabled. *See Walden v. Schweiker, supra* at 840. *Chicager v. Califano,* 574 F.2d 161, 164 (3rd Cir.1978).