**Rafael MORO ARROYO, Plaintiff,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant.**

Civ. No. 83–2754 (JAF).

United States District Court,
D. Puerto Rico.

Dec. 18, 1985.

Manuel De Jesús Mangual & Associates, San Juan, Puerto Rico, for plaintiff.

## OPINION AND ORDER

FUSTE, District Judge.

This is an action brought under section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), to review a final determination by the Secretary of Health and Human Services ("Secretary") denying plaintiff Rafael Moro-Arroyo a period of disability and disability insurance benefits.

Moro-Arroyo is a thirty-nine year old male with a sixth grade education. He has worked as a maintenance laborer for the Parks and Recreation Administration of the Commonwealth of Puerto Rico for approximately eighteen years. The alleged onset of disability is April 23, 1981, on which date he suffered a fall in his job that caused a traumatic injury to his back and head. On April 19, 1982, plaintiff applied for social security disability benefits maintaining an inability to work due to back problems, a cervical condition, a weak arm, and a nervous condition. In the reconsideration disability report (Tr. 77), plaintiff explained that his nervous condition consisted of a depressive affect and further added back and neck pain as a physical ailment. The Social Security Administration ("SSA") denied his application initially, and on reconsideration. The Administrative Law Judge ("ALJ"), on March 30, 1983, held a hearing, and on May 31, 1983, found plaintiff not disabled. The ALJ's decision became the Secretary's final action when the Appeals Council, on September 9, 1983, denied plain-

tiff's request for review. On November 8, 1983, plaintiff brought the present action.

For plaintiff to prevail, he has to demonstrate that the Secretary's findings are unsupported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971); *Miranda v. Secretary of Health, Education and Welfare*, 514 F.2d 996, 998 (1st Cir.1975). Substantial evidence is more than a scintilla, but less than a preponderance or the weight of the evidence. *See, e.g., Consolo v. Federal Maritime Commission*, 383 U.S. 607, 619–20, 86 S.Ct. 1018, 1026–27, 16 L.Ed.2d 131 (1966); *Ginsburg v. Richardson*, 436 F.2d 1146, 1148 (3d Cir.), *cert. denied*, 402 U.S. 976, 91 S.Ct. 1680, 29 L.Ed.2d 192 (1971). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. at 401, 91 S.Ct. at 1427.

The Secretary's findings are summarized in the opinion of the ALJ dated May 31, 1983 (*see* Tr. 9–14). After a careful review of those findings, we conclude that there is substantial evidence to support the Secretary's conclusion that plaintiff's physical impairments (segmental sacrum spina bifida occulta and chronic back pain) are not severe and, hence, non-disabling. We now turn to the severity of plaintiff's mental disorder.

For two years following the syncopal episode of April 1981, plaintiff has complained of a depressive mood and an anxious affect with feelings of hopelessness, worthlessness, despair, irritability, and with fearful expectations (Tr. 45, 63, 77, 85, 106). He allegedly does no household chores or socialize as he prefers to be alone, and suffers from severe headaches and insomnia (*see* Tr. 45, 77, 85, 87, 106). He has exhibited potential combative behavior towards his wife and children (Tr. 41). His symptoms are fully supported by the medical evidence in the record. At the psychiatric evaluation of May 7, 1982, plaintiff acted confused, uncooperative, and expressed suicidal tendencies (Tr. 93). Dr. Fausto Jiménez, on that examination, described his conduct as bizarre, and his judgment as superficial (Tr. 93). In another

psychological evaluation dated February 7, 1983, his intellectual capacity was "borderline" (Tr. 130–31). Further, his memory is affected as demonstrated by his unresponsiveness to questioning at the ALJ hearing (Tr. 27–44). His answers to questions are generally delayed, and consistent with a severe depressive disorder, a moderate psychomotor retardation is evident (Tr. 106–08). For his depressed mood, plaintiff has been treated with Dalmane, Etrafon, Limbitrol, and Mellaril, with little or no demonstrable improvement (Tr. 77, 99, 106, 149). As supported by the medical evidence, Moro-Arroyo has been diagnosed as having a moderately severe to severe depressive disorder (*see* Tr. 93, 106–08, 138–48).

The Secretary did find that plaintiff suffered from a dysthymic disorder, usually a less severe condition than a major depression. *See generally*, American Psychiatric Association, *DSM–III Diagnostic and Statistical Manual of Mental Disorders*, 300.-40, at 220–23 (3d ed. 1984). But the Secretary concluded that this disorder was not severe as plaintiff was "... able to understand and to respond appropriately to supervision, co-workers and work pressures in a work setting." *See* 20 C.F.R. §§ 404.-1521(b)(2)–(6), 404.1520(c); *see also*, Tr. 13. According to the Secretary, the medical evidence shows that plaintiff is "alert, oriented in three spheres, logical, coherent, relevant and in contact with reality." (Tr. 13). Even so, these findings rule out the possibility of a severe psychotic disorder, but do not otherwise contradict the severity, as here, of a depressive neurosis. The Secretary simply cannot substitute his own impression of plaintiff's health for uncontradicted medical evidence. *Suárez v. Secretary of Health and Human Services*, 740 F.2d 1 (1st Cir.1984) (per curiam). Given plaintiff's unchallenged diagnosis of a moderately severe to severe depressive disorder, and the effect on his judgment and personal relations, the Secretary's findings of no severe impairment are unsupported by substantial evidence. *See, e.g., Carrillo-Marin v. Secretary of Health and Human Services*, 758 F.2d 14, 16 (1st Cir. 1985) (per curiam); *Bianchi v. Secretary of Health and Human Services*, 764 F.2d 44,

45 (1st Cir.1985) (per curiam); *López-Cardona v. Secretary of Health and Human Services,* 747 F.2d 1081, 1084 (1st Cir.1984) (per curiam). We thus REVERSE and REMAND this case for the Secretary to continue its disability determination pursuant to 20 C.F.R. § 404.1520. *See Goodermote v. Secretary of Health and Human Services,* 690 F.2d 5, 6–7 (1st Cir.1982). On remand, the Secretary may admit as much additional evidence as is necessary to arrive at a determination of the extent of plaintiff's impairment. If the evaluation reaches the fourth vocational step, 20 C.F.R. § 404.1520(e), the Secretary must determine whether plaintiff's physical condition in combination with his mental disorder prevents him from engaging in his past relevant employment as a maintenance worker. If that stage of review is necessary, the Secretary shall clarify whether plaintiff has the residual functional capacity to carry out unskilled heavy work. (Compare Tr. 11 with Tr. 12).

IT IS SO ORDERED.