**Aida E. RUPERTO TORRES, Plaintiff,**

v.

**SECRETARY OF HEALTH & HUMAN SERVICES, Defendant.**

**Civ. No. 91–2277 (JP).**

United States District Court,
D. Puerto Rico.

May 20, 1992.

Carlos M. Ortiz Velázquez, Río Piedras, P.R., for plaintiff.

José O. Vázquez García, Asst. U.S. Atty., Hato Rey, P.R., for defendant.

## OPINION AND ORDER

PIERAS, District Judge.

■ This is an action brought under § 205(g) of the Social Security Act ("the Act"), as amended 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Secretary of Health and Human Services ("the Secretary") denying plaintiff's claim for disability insurance benefits. We note from the outset that in reviewing the decision of the Secretary, we need only conclude whether or not the determination of the Secretary was founded upon substantial evidence in the record as a whole. 5 U.S.C. § 706(2) (1977); *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). Upon a thorough review of the record, the Court concludes that the Secretary's finding that the plaintiff is not disabled is not supported by substantial evidence in the record. The decision of the Secretary is therefore remanded for proceedings consistent with this opinion.

The plaintiff is a thirty-seven year old woman, who stopped working in 1983 because of gastrointestinal problems. She alleges disability since 1980 due to arthritis, hypertension, ulcer, angina, pain, Addison's disease, and neuropathy. Her formal education includes a High School diploma and two years of vocational courses in accounting and dress design. The plaintiff was insured for disability benefits purposes until December 31, 1983. The Administrative Law Judge ("the ALJ"), whose decision is the final decision of the Secretary, concluded that on or before December 31, 1983, the plaintiff retained the residual functional capacity to do her past relevant work. Tr. 13.

## PAST RELEVANT WORK

■ The ALJ found that the plaintiff was still capable of performing her past relevant work as a *secretary*. This conclusion is ill founded for a number of reasons. The first error stems from the ALJ's conclusion that the plaintiff had a past relevant work history of a secretary, when in fact the plaintiff's past relevant work history was as an assistant librarian. Tr. 28. Past relevant work is a claimant's "usual work or other *applicable* past work." 20 C.F.R. § 404.1561 (1991) (emphasis added). For the purposes of determining past relevant work, it logically follows that the ALJ should evaluate the skills and abilities which have been acquired from work the claimant has performed, just as is done when evaluating other work which a claimant can perform. 20 C.F.R. § 404.1565 (1991). Work which was performed on an "off-and-on" basis is generally not part of the past relevant work calculation. *Id.* In the instant case, the plaintiff spent the last seven years of her working career as an assistant librarian cataloging, shelving and lifting books of 10–15 pounds. Tr. 28. Before working as an assistant librarian, the plaintiff spent three months typing documents and preparing payroll records for a cousin. It was error for the ALJ to extrapolate from the three month experience of

working for her cousin, that the plaintiff had acquired all the administrative, organizational, and operational skills of a secretary, because "off-and-on" positions are not considered pursuant to the regulations. The Court considers a three month position to be as temporal as any other "off-and-on" position. Consequently, with the erroneous conclusion that the plaintiff had the past relevant work history of a secretary as a starting point, all further conclusions by the ALJ were also erroneous.

## RESIDUAL FUNCTIONAL CAPACITY

■ The ALJ's decision also fails to be supported by substantial evidence because the ALJ failed to include in the record the requisite Residual Functional Capacity ("the RFC") assessment performed by an examining physician. *Rivera–Figueroa v. Secretary of Health and Human Services*, 858 F.2d 48, 51 (1st Cir.1988); *Rivera–Torres v. Secretary of Health & Human Services*, 837 F.2d 4, 7 (1st Cir.1988). Given the plaintiff's past relevant work history as an assistant librarian, it is important for a medical professional to evaluate the amount of lifting the plaintiff is presently incapable of performing. *Berrios v. Secretary of Health & Human Services*, 796 F.2d 574, 576 (1st Cir.1986) (as lay person ALJ incapable of assessing ability to sit, bend or reach). Moreover, mere reliance upon the Medical–Vocational Guidelines ("the Grid") was inappropriate when the plaintiff testified as to the mental impairment from which she started to suffer during the insured coverage period and the medications which her treating physicians had prescribed for her nerves at that time. Tr. 32–34, 45–46, 50–52, 242–244. *Rivera–Figueroa*, 858 F.2d at 52.

## INCONTINENCE

The last factor which supports our determination that the ALJ's findings were erroneous, is the ALJ's failure to evaluate all the plaintiff's ailments which commenced during the insured status period. Specifically, the ALJ failed to consider the significance of the plaintiff's testimony regarding her trauma with incontinence. Tr. 31–32, 35.

■ Incontinence is considered an impairment for purposes of the Social Security Act. *Gibson v. Heckler*, 779 F.2d 619, 623 (11th Cir.1986). Therefore, the ALJ was under a duty to consider the impairment, state the weight accorded to the impairment, and the reasons for her decisions on such evidence. *Id.* The ALJ's observation of the plaintiff's demeanor is inconsequential in this context because, "[t]he mere fortuity that plaintiff did not lose control over her bladder during the course of the hearing should not be found to outweigh the uncontradicted medical evidence." *Pascariello v. Heckler*, 621 F.Supp. 1032, 1037 (D.C.N.Y.1985). *See also Bluvband v. Heckler*, 730 F.2d 886, 891 (2d Cir.1984).

■ The ALJ is not a medical professional and thus she is not at liberty to substitute her own impression of an individual's health for uncontroverted medical opinion. *Suárez v. Secretary of Health and Human Services*, 740 F.2d 1 (1st Cir.1984). Furthermore, the social security regulations provide that if the Secretary is doubtful as to the severity of a disorder the appropriate course is to request a consultative evaluation at the Secretary's expense. 20 C.F.R. § 404.1517 (1991); *Carrillo Marin v. Secretary of Health and Human Services*, 758 F.2d 14, 17 (1st Cir.1985).

Wherefore, in view of the foregoing, we are compelled to reject the ALJ's decision as it is not supported by substantial evidence in the record, and remand this case for proceedings consistent with this opinion. Judgment shall be entered accordingly.

IT IS SO ORDERED.