**Carmen M. RIVERA OCASIO,**
**Plaintiff,**

v.

**COMMISSIONER OF SOCIAL**
**SECURITY, Defendant.**

**No. CIV.01–2504 JAG/GAG.**

United States District Court,
D. Puerto Rico.

July 26, 2002.

---

**2.** *See* Plaintiffs' Opposition... (docket No. 46) and defendant's Reply... (docket No. 47).

82

Luis A. de Mier–Le Blanc, San Juan, PR, for plaintiff.

Camille Vélez–Rivé, Assistant U.S. Attorney, San Juan, PR, for defendant.

## OPINION AND ORDER

GELPI, United States Magistrate Judge.

■ This is an action under Section 205(g) of the Social Security Act as amended, 42 U.S.C. § 405(g), to review a "final decision" of the Commissioner of Social Security. Upon careful review and consideration of the administrative record, as well as the parties' memoranda, the Court **REMANDS** the case to the Commissioner for proceedings consistent with *Rivera–Figueroa v. Secretary of Health and Human Services,* 858 F.2d 48, 52 (1st Cir. 1988). Pursuant to said well-established Circuit precedent, the Commissioner's decision in this case is not supported by "substantial evidence" of record because a residual functional capacity (RFC) evaluation was not performed by an **examining** physician. An ALJ, as occurred in the case below, cannot substitute his own RFC assessment for that of an examining physician. *See* Tr. at 19 (ALJ's decision at page 3 ¶ 6; "[t]he clinical findings stated above do not meet or equal the requirements of any listed impairment. In addition, *the clinical findings fail to reveal the existence of any range of motion limitation, joint effusion, muscle atrophy nor do they support the existence of severe pain*") (emphasis added).

■■ In the case at bar, an RFC assessment is warranted since there is medical evidence of record to the effect that the claimant indeed has a possible disabling condition. *See* Tr. at 19 (where the ALJ notes that, "[t]he medical evidence indicates that the claimant has osteoarthritis of lumbar spine, deep venous insufficiency

at the poplietal veins, more significant of the left leg, left ankle calcaneal spurs") (ALJ's decision at page 3 ¶ 1). Certainly, the medical evidence of record could support a finding of plaintiff being disabled or of not being disabled. "The responsibility of weighing conflicting evidence, where reasonable minds could differ as to the outcome, falls on the Commissioner and his designee, the ALJ." *Seavey v. Barnhart,* 276 F.3d 1, 10 (1st Cir.2001). However, as the First Circuit explained in *Rivera–Figueroa, supra* at 52, "[a]bsent a[RFC] assessment from an **examining** [physician], we do not think that [an] ALJ [is] equipped to conclude that [a] claimant's condition [is] so trivial as to impose no significant limitation on ability to work." An ALJ, as a lay factfinder, lacks sufficient expertise to interpret raw, technical medical data. *Id.* at 48. More so, where, as here, a claimant has some objective symptoms, the Commissioner is required to obtain an RFC evaluation from an **examining** physician. *Heggarty v. Sullivan,* 947 F.2d 990, 997 n. 1 (1st Cir.1991); *Rivera–Torres v. Secretary of Health and Human Services,* 837 F.2d 4, 6 (1st Cir. 1988).

Based on the Court's unique perspective in handling Social Security cases on administrative review, the undersigned feels compelled to address the following matters which arise in this as well in several other cases previously or presently before my consideration. The following comments, however, are not meant as a criticism to the Commissioner nor to claimants, but rather as a guiding tool for future cases.

■ Under the Social Security scheme ALJ's play a quintessential role—that of the factfinder and weigher of evidence. Thus, an ALJ's findings when supported by substantial evidence are conclusive, and must be given extreme deference by this Court, even had it heard the same evidence *de novo,* it might have ruled differently. *Lizotte v. Secretary of Health and Human Services,* 654 F.2d 127, 128 (1st Cir.1981). In the undersigned's experience, remands based on an ALJ's substantive findings are, thus, not frequent.

Contrariwise, remands based on procedural errors, such as failing to comply with the RFC requirement as mandated by *Rivera–Figueroa,* are somewhat more common. This is not to say that ALJs in this District are inept; rather, in their analysis, they at times fail to consider requisite evidence—an examining physician's assessment. This is necessary in order for their decision to be supported by substantial evidence. Whether ALJs agree or not with the holding of *Rivera–Figueroa,* said precedent constitutes the law of this Circuit. Accordingly, it must be followed. The Commissioner should thus instruct all ALJs to observe its mandate, when as here, there is evidence in the record of the possible existence of an impairment.

As to the claimant in this case, the Court notes that her memorandum of law, as required by the Court, is somewhat perfunctory and generic. While in this case, the Court was able to detect procedural error without much difficulty, it must point out that the plaintiff's memorandum, while on point, lacks any reference whatsoever to the administrative record, contrary to that of the Commissioner.

■ A claimant in a Social Security case should not expect the Court to ferret through the record. *Cf. Morales v. A.C. Orssleff's EFTF,* 246 F.3d 32, 33 (1st Cir. 2001) ("the filing of a motion for summary judgment signals a formidable search for a genuine issue of material fact. If this is not to impose the daunting burden of seeking a needle in a haystack, the Court needs help from counsel"). In other words, a claimant's counsel should help the Court help the client.

Although not in this case, in the future, counsel's failure to properly support a client's argument with specific reference to the record *vis a vis* the applicable law can be considered as an abandonment of the argument or as an improperly presented argument. *See, e.g., Beck v. Halter*, 2 Fed.Appx. 562, 2001 WL 224628 (7th Cir. 2001); *Callahan v. Barnhart*, 186 F.Supp.2d 1219, 1230 (M.D.Fla.2002); *Setian v. Apfel*, 110 F.Supp.2d 24, 27 n. 2 (D.Mass.2000).

**WHEREFORE,** for the aforementioned reason, the Court hereby **REMANDS** the present case for proceedings consistent with *Rivera–Figueroa v. Secretary of Health and Human Services*, 858 F.2d 48, 52 (1st Cir.1988).

**SO ORDERED.**