**Juan VIGO RAMOS Plaintiff**

v.

**COMMISSIONER OF SOCIAL SE-CURITY ADMINISTRATION Defendant**

No. CIV. 02–1510 JAGGAG.

United States District Court,
D. Puerto Rico.

Jan. 21, 2003.

Salvador Medina de la Cruz, Esq., Rio Piedras, PR, for Plaintiff.

H.S. García, United States Attorney, Camille Vélez–Rivé, Assistant United States Attorney, for Defendant.

## OPINION AND ORDER

GELPI, United States Magistrate Judge.

Plaintiff, Juan Vigo Ramos, filed the present action on April 4, 2002, pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), to review the final decision of the Commissioner of Social Security, denying his application for disability insurance benefits. The plaintiff alleges disability due to a combination of physical and mental impairments. Plaintiff and the Commissioner have filed their respective memorandums of law. (*See* Docket Nos. 10 and 11).

The only issue for this reviewing Court to determine is whether the Commissioner's final decision that plaintiff is not under a disability is supported by substantial evidence of record. In order to be entitled to disability benefits, plaintiff must establish that he was disabled under the Act at any time on or before, when he last met the earnings requirement for disability benefits under the Social Security Act. *See Evangelista v. S.H.H.S.*, 826 F.2d 136, 140 n. 3 (1st Cir.1987). Once supported by "substantial evidence" of record, the Commissioner's findings must be upheld, even if this Court disagrees with them, or had it reviewed the evidence under a *de novo* standard of review, found otherwise. *Li-*

*zotte v. Secretary S.H.H.S.*, 654 F.2d 127, 128 (1st Cir.1981).

Upon careful review and consideration of the administrative record, as well as the parties' memoranda, the Court **RE-MANDS** the case to the Commissioner for further proceedings consistent with *Rivera–Figueroa v. S.H.H.S.*, 858 F.2d 48, 52 (1st Cir.1988).

### Findings by the Administrative Law Judge

After evaluating the evidence of record, the ALJ made the following findings in his decision denying plaintiff disability benefits:

1. The claimant met the disability insured status requirements of the Act on September 8, 1997, the date the claimant stated he became unable to work, and continued to meet them through December 31, 2002.

2. The claimant has not engaged in substantial gainful activity since September 8, 1997.

3. The medical evidence establishes that the claimant has low[er] back pain, mild central disc bulging at the L4–L5 level with Grade 1 anterolisthesis and narrowing of the spinal canal condition by MRI, without neurological deficit and [a] non severe affective disorder, but that he did not have an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, subpart P, Regulation No. 4.

4. The claimant's allegations of inability to work due to persistent pain, weakness and tension are granted credibility to the extent that he was limited to light, non complex work activity, but not more so.

5. The claimant has the residual functional capacity to perform the physical

exertion and non-exertional requirements of work except for lifting and carrying over 20 pounds and the performance of complex tasks.

6. The claimant is unable to perform past relevant work as laborer and canning machine operator.

7. The claimant does not have significant non-exertional limitations imposed by his impairments.

8. The claimant is a younger person, age 42, (20 CFR 404.1563).

9. The claimant has a limited education (20 CFR 404.1564).

10. The claimant does not have any acquired skills which are transferable to the skilled and semiskilled work functions of other work (20 CFR 404.1568).

11. Based on an exertional capacity for light [work], and the claimant's age, education and work experience, Section 404.1569 and Rule 202.17, Table No. 2, Appendix 2, Subpart P, Regulation No. 4 would direct a conclusion of "not disabled."

12. The claimant was not under a "disability" as defined in the Social Security Act, at any time on or before the date of this decision (20 CFR 404.1520(f)).

### Plaintiff's Arguments on Administrative Review

The claimant is a forty two (42) year old individual with a seventh grade education with work experience as a laborer and machine operator. He claims, as stated in the ALJ's findings, that he suffers from a back and mental condition. Before this Court, the plaintiff alleges that the ALJ's decision is not supported by substantial evidence for three reasons. First, the decision is deficient because the ALJ did not take into consideration the claimant's ambulatory difficulties, pain and subjective symptoms, thus failed to comply with *Avery v. S.H.H.S.*, 797 F.2d 19 (1st Cir. 1986). Second, the ALJ failed to grant decisive weight to the evidence and reports provided by plaintiff's treating physician and treating psychiatrist, Doctors Lispoldo Orama and Ariel Rojas, respectively. Third, the ALJ exceeded his authority by personally evaluating the medical in record in record and reaching conclusions as to the extent of the plaintiff's limitations, even though he was not qualified to do so.

### Legal Analysis

The issue to be to be considered by this Court is whether the ALJ's decision is supported by "substantial evidence." The term "substantial evidence" has been defined as "more than a mere scintilla." It means such relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). The Court must review the ALJ's decision solely on the evidence presented to the ALJ. *Mills v. Apfel*, 244 F.3d 1, 5 (1st Cir.2001). Judicial review of a Social Security claim is limited to determining whether the ALJ used the proper legal standard and found facts upon the proper quantum of evidence. *Ward v. Commissioner of Social Security*, 211 F.3d 652, 655 (1st Cir.2000). More important, the Court must avoid reinterpreting the evidence or substituting its own judgment for that of the Commissioner. *Colón v. S.H.H.S.*, 877 F.2d 148, 153 (1st Cir.1989). "The findings of the [Commissioner] are conclusive if supported by substantial evidence and should be upheld even in those cases in which the reviewing Court, had it heard the same evidence *de novo* might have found otherwise." *Lizotte v. S.H.H.S.*, *supra* at 128 (1st Cir.1981). However, although the Court cannot sec-

ond-guess the ALJ's credibility findings, the Court does have the responsibility of making certain that the record has been considered as a whole by the ALJ.

In the case at bar, the Court has thoroughly examined plaintiff's medical record. (Tr. 115–255). The same includes a physical residual functional capacity (RFC) assessment performed by two non-examining consultant physicians, Doctors Vicente Sánchez and Osvaldo Rivera. However, the record is devoid of both a physical RFC assessment and a mental RFC assessment performed by examining physicians. The Court also notes that plaintiff's counsel at the administrative level, Fernando A. Diez, filed a motion in December of 1998, titled "Motion for Interrogatories to Consulting Evaluator", seeking to have Dr. Samuel Méndez, the physician that evaluated the claimant, submit a physical RFC assessment report. (Tr. 92). However, said request was denied in February of 1999, by the ALJ. (Tr. 109). Regarding a mental RFC assessment report, there is none in the record, neither performed by a consulting or examining physician. The ALJ, however, concluded that:

> "[T]he claimant's condition can be expected to result in pain and discomfort, but not of such disabling frequency and intensity as to prevent him from lifting and carrying a maximum of 20 pounds and 10 pounds frequently, and from otherwise functioning normally in non complex tasks." (Tr. 21).

 Certainly, the medical evidence of record could support a possible finding of plaintiff being disabled or of not being disabled. Thus, "the responsibility of weighing conflicting evidence, where reasonable minds could differ as to the outcome, fall on the Commissioner and his designee, the ALJ." *Seavey v. Barnhart,* 276 F.3d 1, 10 (1st Cir.2001). However, as the First Circuit has explained, "absent a residual functional capacity assessment from an examining psychiatrist [or physician], we do not think that [an] ALJ is equipped to conclude that [a] claimant's condition [presents] no significant limitation on ability to work." *Rivera–Figueroa,* 858 F.2d at 52. An ALJ, as a lay fact finder, lacks the expertise to make a medical conclusion. *Rivera–Torres v. S.H.H.S.,* 837 F.2d 4, 7 (1st Cir.1988). In cases such as this where no RFC assessment is performed by an examining physician, a remand is warranted. *See Heggarty v. Sullivan,* 947 F.2d 990, 997 n. 1 (1st Cir.1991); *Rivera–Torres,* 837 F.2d at 6–7; *Rivera Ocasio v. Commissioner of Social Security,* 213 F.Supp.2d 81, 82–83 (D.P.R.2002); *Ruperto Torres v. S.H.H.S.,* 791 F.Supp. 342, 343–344 (D.P.R.1992).

**WHEREFORE,** the Court **ORDERS** that this case be **REMANDED** to the Commissioner so that RFC assessments of plaintiff's physical and mental capacities be obtained from examining physicians, and the same be duly considered by the ALJ along with all other evidence. This ruling is not an opinion on the ultimate merits of plaintiff's claim.

**SO ORDERED.**