**Marisol MORALES COLÓN Plaintiffs**

**v.**

**COMMISSIONER OF SOCIAL SECURITY Defendants**

**No. CIV. 02–2005(SEC/GAG).**

United States District Court, D. Puerto Rico.

Feb. 14, 2003.

Rafael Colón Flores, Ponce, PR, for Plaintiff.

H.S. García, United States Attorney, Camille Vélez–Rivé, Assistant Unites States, Attorney, San Juan, PR, for Defendant.

## OPINION AND ORDER

GELPI, United States Magistrate Judge.

### I. *Introduction*

Plaintiff, Marisol Morales Colón, filed the present action on June 28, 2002, pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), to review the final decision of the Commissioner of Social Security, denying her application for disability insurance benefits. The plaintiff alleges disability due to a combination of physical and mental impairments. Plaintiff and the Commissioner have duly filed their respective memorandums of law. (*See* Docket Nos. 16 and 14).

The only issue for this reviewing Court to determine is whether the Commissioner's final decision that plaintiff is not under a disability is supported by substantial evidence of record. In order to be entitled to disability benefits, plaintiff must establish that she was disabled under the Act at any time, on or before, when she last met the earnings requirement for disability benefits under the Social Security Act. *See Evangelista v. S.H.H.S.*, 826 F.2d 136, 140 n. 3 (1st Cir.1987). Once supported by "substantial evidence" of record, the Commissioner's findings must be upheld, even if this Court disagrees with them, or had it reviewed the evidence under a *de novo* standard of review, found otherwise. *Lizotte v. Secretary S.H.H.S.*, 654 F.2d 127, 128 (1st Cir.1981).

Upon careful review and consideration of the administrative record, as well as the parties' memoranda, the Court concludes that this case must be remanded to the Commissioner for further proceedings consistent with this opinion and order.

### II. *Findings by the Administrative Law Judge ("ALJ")*

In the proceedings below, the ALJ made the following findings:

1. The Claimant meets the non-disability requirements for a period of disability and Disability Insurance Benefits set forth in Section 216(i) of the Social Security Act and is insured for benefits through the date of this decision.

2. The claimant has not engaged in substantial gainful activity since the alleged onset of disability.

3. The claimant has an impairment or a combination of impairments considered "severe" based on the requirements in the [sic] Regulation 20 C.F.R. § 404.1520(b).

4. These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.

5. The undersigned finds the claimant's allegations regarding her limitations are not totally credible for the reason set forth in the body of the decision.

6. The undersigned has carefully considered all of the medical opinions in the record regarding the severity of the claimant's impairments (20 C.F.R. § 404.1527).

7. The claimant has the following residual functional capacity: to lift no more than 20 pounds at a time with frequent lifting and carrying of objects weighing up to 10 pounds.

8. The claimant's past relevant work as informal waitress, fast-food worker, and cashier did not require the performance of work related activities precluded by her residual functional capacity (20 C.F.R. § 404.1565).

9. The claimant's medically determinable cardiac condition, pulmonary hypertension, high blood pressure, chest pain, thyroid problem and arthritis do

not prevent the claimant from performing her past relevant work.

10. The claimant was not under a "disability" as defined in the Social Security Act, at any time through the date of the decision (20 C.F.R. § 404.1520(e)).

### III. *Plaintiff's Argument on Administrative Review*

In the present case, plaintiff alleges that the ALJ's decision is not supported by substantial evidence. Plaintiff is thirty two (32) year old woman who has a record of past employment as a waitress, fast-food clerk and cashier. She alleges disability since October 23, 1998 due to a cardiac condition, pulmonary hypertension, high blood pressure, thyroid condition and arthritis. Plaintiff contends that the ALJ's decision is flawed because he failed to grant decisive weight to the evidence and reports provided by plaintiff's treating physicians. (*See* Docket 16, pg. 14).

### IV. *Legal Analysis*

 The issue to be to be considered by this Court is whether the ALJ's decision is supported by "substantial evidence." The term "substantial evidence" has been defined as "more than a mere scintilla." It means such relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). The Court must review the ALJ's decision solely on the evidence presented to the ALJ. *Mills v. Apfel*, 244 F.3d 1, 5 (1st Cir.2001). Judicial review of a social security claim is limited to determining whether the ALJ used the proper legal standard and found facts upon the proper quantum of evidence. *Ward v. Commissioner*, 211 F.3d 652, 655 (1st Cir.2000). More importantly, the Court must avoid reinterpreting the

evidence or substituting its own judgment for that of the Commissioner. *Colón v. S.H.H.S.*, 877 F.2d 148, 153 (1st Cir.1989). "The findings of the [Commissioner] are conclusive if supported by substantial evidence and should be upheld even in those cases in which the reviewing Court, had it heard the same evidence *de novo* might have found otherwise." *Lizotte v. S.H.H.S., supra* at 128 (1st Cir.1981).

 The claimant carries the burden of proving that she was disabled within the meaning of the Social Security Act. *Bowen v. Yuckert*, 482 U.S. 137, 146, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987). A finding of disability requires that the plaintiff be unable to perform any substantial gainful activity or work because of a medically determinable condition which has lasted or which can be expected to last for a continuous period of not less than twelve months. *See* 42 U.S.C. §§ 416(i)(1) and 423(d)(1). In general terms, evidence of a physical or mental impairment or combination of both is insufficient for the Commissioner to award benefits. There must be a causal relationship between such impairments or impairments and plaintiff's inability to perform substantial gainful activity. *See McDonald v. S.H.H.S.*, 795 F.2d 1118, 1120 (1st Cir.1986). Partial disability does not qualify a claimant for disability benefits. *Rodríguez v. Celebrezze*, 349 F.2d 494, 496 (1st Cir.1965).

 The plaintiff contends that the ALJ failed to grant decisive weight to the evidence and reports provided by her treating physicians, Doctors Salvador Jiménez–Colón and Jose Vera–Miró. A treating physician's opinion will be considered controlling " if it is well-supported by medically acceptable [evidence] and is not inconsistent with the other substantial evidence in [the] record." *Snell v. Apfel*, 177 F.3d 128, 133 (2d Cir.1999). The Court notes that Dr. Vera–Miró, a cardiologist, began treat-

ing the plaintiff for a severe heart condition in November of 1998, and continued treating her well into the year 2000. (*See* Tr. 320 and 380–382). On November 20, 1998, Dr. Vera–Miró referred the claimant to Dr. Jiménez–Colón, a heart surgeon, for mitral valve replacement surgery. Surgery was conducted on December 17, 1998. (*See* Tr. 194 and Tr. 259).

The applicable regulation regarding treating physicians provides:

> Generally, we give more weight to the opinions from a [claimant's] treating source, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations. If we find that a treating source's opinion on the issue(s) is well-supported by medically acceptable clinical and laboratory diagnostic evidence in [the] case record, we will give it controlling weight. 20 C.F.R. § 4041527(d)(2).

This subsection must be read concurrently with that on supportability: "[t]he more a medical source presents relevant evidence to support an opinion, particularly medical finds and laboratory findings, the more weight we will give an opinion." 20 C.F.R. § 404.1527(d)(3).

The record in this case evidences that Doctors Vera–Miró and Jiménez–Colón treated the claimant for a heart condition, and that their medical opinions regarding said condition are supported by medical exams conducted by both physicians, accompanied by extensive clinical and laboratory evidence. The record also shows that Dr. Vera–Miró has treated the claimant for an extensive period of time. More so,

the Court notes that the record is completely devoid of any evidence which contradicts said medical opinions, or otherwise suggests that the claimant has fully recuperated and/or has an excellent bill of health.

■ The ALJ in the present case, however, did not grant controlling weight to the medical opinions of plaintiff's treating physicians, which conclude that the she suffers from "a rheumatic or valvular disease, manifested by weakness, fatigue and intolerance to physical activity," (See Tr. 19, ¶ 4). Instead, the ALJ relied on the medical opinion of Dr. Miguel Pérez–Arzola, a consulting medical expert:

> "Dr. Miguel Pérez–Arzola, a medical expert, testified after summarizing the medical evidence in the file, that the claimant obtained excellent results after the surgery. He further commented that the claimant's cardiac condition improved dramatically." (*See* Tr. 19, ¶ 19).

Aside from the opinion of said consulting physician, there is no evidence in the record which would suggest that the claimant's condition is as trivial as the non-examining physician concludes, thus, permitting the plaintiff to perform her past relevant work. (*See* Tr. 20, ¶ 4). Therefore, the Court concludes that the ALJ failed to comply with the treating physician rule by failing to grant proper weight to evidence from the claimant's treating physicians.

■ Although the above error, in and of itself, warrants remanding this case to the Commissioner, the Court feels greatly compelled at this time to *sua sponte* raise a further matter which is the subject of concern: the ALJ's failure to obtain a residual functional capacity ("RFC") assessment from an examining physician. In the present case, the ALJ stated:

"[T]he undersigned finds that the claimant should avoid engaging in medium to heavy exertion in order to avoid exacerbation of symptoms. However, she can engage in light exertion... Accordingly [ ] the claimant retains the following residual functional capacity: to lift no more than 20 pounds at a time with frequent lifting and carrying of objects weighing up to 10 pounds." (*See* Tr. 21, ¶ 2).

The Court is unaware how exactly the ALJ determined the claimant's RFC. The Court notes that the record includes a RFC assessment performed by two (2) non-examining physicians, Doctors Iván Arzola and Francisco Rodríguez de la Obra. On July 7, 1999, seven months after heart surgery was performed, said physicians determined, after considering the record, that the plaintiff retained the capacity to occasionally lift and/or carry 50 pounds; frequently lift and/or carry 25 pounds; stand and/or walk about 6 hours in an 8 hour day; and, pull and/or push unlimitedly. They further concluded that besides the previous insignificant weight limitations, the claimant's RFC was unlimited. (*See* Tr. 349–356). However, both non-examining physicians failed to adequately explain how or why they reached said conclusion, as well as failed to make any reference to evidence in the record sustaining the same.[1] Said failure to complete such an imperative working document—a recommendation which in many cases entails the direction a claim takes—is inexcusable. Considering said unsubstantiated RFC assessment, plus the fact that the record

lacks any other meaningful RFC assessment, the Court is wholly clueless as to how the ALJ determined the claimant's precise RFC.

▆▆▆ With a proper RFC assessment the medical evidence of record could support a possible finding of plaintiff being disabled or of not being disabled. "[T]he responsibility of weighing conflicting evidence, where reasonable minds could differ as to the outcome, fall[s] on the Commissioner and his designee, the ALJ." *Seavey v. Barnhart,* 276 F.3d 1, 10 (1st Cir.2001). However, as the First Circuit has explained, "absent a residual functional capacity assessment from an examining physician, we do not think that [an] ALJ is equipped to conclude that [a] claimant's condition [presents] no significant limitations on ability to work." *Rivera–Figueroa,* 858 F.2d 48, 52 (1st Cir.1988). An ALJ as a lay fact finder, lacks the expertise to make a medical conclusion. *Rivera–Torres v. S.H.H.S.,* 837 F.2d 4, 7 (1st Cir. 1988). Therefore, pursuant to the well established Circuit precedent, where a claimant, as here, has some objective symptoms, the Commissioner is required to obtain an RFC assessment from an examining physician. *Heggarty v. Sullivan,* 947 F.2d 990, 997 n. 1 (1st Cir.1991); *Rivera–Figueroa v. S.H.H.S., supra* at 52 (1st Cir.1988); *Rivera–Torres v. S.H.H.S., supra* at 6 (1st Cir.1988). *See also Vigo Ramos v. Commissioner of Social Security,* 241 F.Supp.2d 139 (D.P.R.2003); *Rivera Ocasio v. Commissioner of Social Security,* 213 F.Supp.2d 81, 82–83 (D.P.R.

1. The RFC assessment form specifically states, in its instructions for filling out sections A–F, that physicians must "[d]escribe how the evidence substantiates [their] conclusions. (Cit[ing] specific clinical and laboratory findings, observations, lay evidence, etc.)." (*See* Tr. 349). Dr. Arzola failed to do this, while Dr. Rodríguez de la Obra simply concurred with his colleague's opinion by placing a rubber stamp mark which reads "I have reviewed all the evidence in file and the assessment of ( ) is affirmed, as written." This dual evaluation format is typical in cases in this District. This Court is increasingly concerned about ALJs' reliance on such evidence, more so, when the very physicians who prepare the RFC assessment have never examined the plaintiff personally.

2002); *Ruperto Torres v. S.H.H.S.,* 791 F.Supp. 342, 343–344 (D.P.R.1992).

This Court notes that ALJs in this District repeatedly fail to obtain RFC assessments from examining physicians, notwithstanding the First Circuit's mandate. Recently, this Court has remanded a number of cases to the Commissioner based on this very ground. *See, e.g., Arroyo v. Commissioner of Social Security,* Civil No. 02–2032(JAG); *Carreras–Torres v. Commissioner of Social Security,* Civil No. 01–2229(PG); *Hernández–Rivera v. Commissioner of Social Security,* Civil No. 02–1570(SEC); *Pagán v. Commissioner of Social Security,* 02–1507 (JAG/GAG); *Encarnación Castro v. Commissioner of Social Security,* 01–2604 (HL/GAG); *Vigo Ramos v. Commissioner of Social Security,* 241 F.Supp.2d 139 (D.P.R.2003); *Rivera Ocasio v. Commissioner of Social Security,* 213 F.Supp.2d 81 (D.P.R.2002).

**WHEREFORE,** the Court **ORDERS** that this case be **REMANDED** to the Commissioner of Social Security. The ALJ must afford the pertinent weight to the medical evidence provided by plaintiff's treating physicians. In addition, the ALJ must obtain an RFC assessment of plaintiff's physical capacities from an examining physician, to be duly considered along with all other evidence. This ruling is not an opinion on the ultimate merits of plaintiff's claim.

**SO ORDERED.**