**Milagros MARTÍNEZ Plaintiff**

**v.**

**COMMISSIONER OF SOCIAL SECURITY Defendant**

**No. CIV.02–2867(DRD/GAG).**

United States District Court, D. Puerto Rico.

Feb. 20, 2004.

Salvador Medina de la Cruz, Esq., San Juan, PR, for Plaintiff.

Camille Vélez–Rivé, Assistant United States Attorney, San Juan, PR, for Defendant.

### MEMORANDUM OPINION AND ORDER

GELPI, United States Magistrate Judge.

Upon careful review and consideration of the administrative record, as well as the parties' memoranda, the Court hereby **REMANDS** this case to the Commissioner of Social Security for proceedings consistent with this order.

■ The Administrative Law Judge ("ALJ") below concluded that plaintiff retained the residual functional capacity ("RFC") to perform a "wide range of medium work that allows for no constant/frequent standing/walking, no frequent manipulations, with no repeated exposure to cold, damp environments." (Tr. 20, 22).

The ALJ's conclusion is consistent with the RFC assessment prepared by Dr. Gilberto Fragoso–Ledesma, a *non-examining* physician. (Tr. 169–176). However, Dr. Fragoso Ledesma's RFC assessment is inconsistent with that of Dr. Elvin Vigo–Paredes, one of plaintiff's *treating* physicians. (Tr. 184–191). Dr. Vigo–Paredes concluded that during an eight (8) hour work day plaintiff can be expected to tolerate walking for one to two hours, standing for one to two hours, and sitting for one to two hours. (Tr. 187). He also concluded that plaintiff could occasionally lift between 10–20 pounds (Tr. 187), and that repetitive movement of her hands was mildly limited (Tr. 187). More so, Dr. Edrick López Enríquez, another *treating* physician, concluded that plaintiff's limitations disabled her from performing work. (Tr. 152–155, 179–181).

Given the aforestated evidence of record, the Court is unable to determine that the ALJ's decision is supported by "substantial evidence." In the first place, the ALJ does not indicate in his opinion the reasons for rejecting the opinions of plaintiff's *treating* physicians, instead agreeing with that of a *non-examining* physician. This, in and of itself, constitutes grounds for remand. *See, e.g., Morales Colon v. Commissioner of Social Security,* 245 F.Supp.2d 395, 400 (D.P.R.2003). The Court notes that the Commissioner, in her memorandum of law (Docket No. 7, Pages 5–7), explains why the *treating* physicians' opinions were correctly rejected by the ALJ and/or consistent with his decision. Had the ALJ stated this below, his opinion was more likely to have been supported by "substantial evidence" of record. However, the Commissioner's present explanation is not evidence of record which the Court can consider at this time. More so, at this stage of the judicial review process the Commissioner cannot amend the decision of the ALJ.

■ In addition to the above, the ALJ below erred by granting decisive weight to the RFC assessment of a *non-treating* physician over the opinions of plaintiff's *treating* physicians. Where a claimant, as here, has objective symptoms of disability, the ALJ is required by the law of this Circuit to obtain a RFC evaluation form an *examining* medical expert. *See Rivera–Figueroa v. S.H.H.S.,* 858 F.2d 48, 52 (1st Cir.1988); *see also Heggarty v. Sullivan,* 947 F.2d 990, 997 n. 1 (1st Cir.1991); *Rivera–Torres v. S.H.H.S.,* 837 F.2d 4, 6 (1st Cir.1988); *Rivera Ocasio v. Commissioner of Social Security,* 213 F.Supp.2d 81, 83 (D.P.R.2002). In the case at bar, the ALJ could not have discredited the RFC assessment of Dr. Vigo–Paredes, as well as the opinion of Dr. López–Enríquez, both *treating* physicians, by virtue of a conflicting RFC assessment prepared by a *non-examining* physician. He could have, perhaps, done so with a RFC assessment performed by another examining or treat-

ing expert.[1] However, such report was not available to the ALJ. To make matters worse, said RFC report (Tr. 169–176) is extremely general in nature, contains no explanations, and, erroneously states that there are no treating/examining source conclusions of record which significantly differ. (Tr. 175).

**WHEREFORE,** in view of the above, this case must be **REMANDED** to the Commissioner for proceedings consistent with this opinion. Upon remand, the ALJ is free to consider any additional evidence he deems necessary to aid his task of determining whether the plaintiff is disabled. This ruling should not be considered by the parties as an opinion on the ultimate merits of plaintiff's disability claim upon remand.

**SO ORDERED.**

---

**1.** *But see Clark v. Apfel,* 141 F.3d 1253, 1256 (8th Cir.1998) (holding that one time evaluation by non-treating expert is not entitled to controlling weight).