Gladys ROSARIO, Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY, Defendant

No. CIV.03–1201 HL/GAG.

United States District Court, D. Puerto Rico.

April 14, 2004.

———

Salvador Medina–De–La–Cruz, San Juan, for Plaintiff.

Lisa E. Bhatia–Gautier, U.S. Assistant Attorney, United States Attorney's Office, San Juan, for Defendant.

## MEMORANDUM OPINION AND ORDER

GELPI, United States Magistrate Judge.

The present case is hereby REMANDED to the Commissioner of Social Security for the holding of a *de novo* evidentiary hearing before an Administrative Law Judge ("ALJ") other than Miguel A. Montalvo, whom the Court DISQUALIFIES from presiding over the case.

In his decision denying plaintiff disability benefits (Tr. 19–27), ALJ Montalvo states the following in regards to plaintiff's treating physician and psychiatrist (apparently Drs. Vélez and Rojas, respectively):

> *Neither the psychiatrist nor the general practitioner has fulfilled their responsibilities as professionals in correlating the diagnoses with the findings. There have been no office notes, no studies, no narratives, no "road maps" to help a third party, in this case a judge, understand how they got from the reported symptoms to the diagnosis. Moreover, evidence obtained from other professionals overwhelmingly shows the opposite of what they are saying.* **It is nothing less than disturbing that doctors keep on treating a patient for years, with no apparent improvement, and no real interest in improving that person's health.** (Tr. 23) (Emphasis added).

Dr. Vélez treated plaintiff from August 1993 to February 1998 (Tr. 338–343) and was of the opinion that she was unable to perform any kind of work (Tr. 343). Dr. Rojas treated plaintiff from December 1998 to January, 2002 (Tr. 364) and prepared a mental RFC assessment opining that plaintiff was markedly limited to extremely limited in all areas of functioning (Tr. 366–370). The Court does agree with ALJ Montalvo as to the fact that the opinions of these two treating doctors are suc-

cinct. The Court, nonetheless, is troubled by the ALJ's statement that doctors treat patients for an extended period without any interest as to their medical improvement. The ALJ appears to have a preconceived idea about the particular competence of plaintiff's treating physicians (or perhaps treating practitioners in general).

In the Social Security context, where a reasonable person could have doubted whether an ALJ is capable of fairly evaluating all the evidence of record in a fair and impartial manner, his/her disqualification is warranted. *Pastrana v. Chater*, 917 F.Supp. 103, 109–110 (D.P.R.1996). This occurs when, as here, the ALJ makes derogatory comments about a claimant's treating medical practitioners. *Id.* The comments made by ALJ Montalvo in his decision below certainly may lead a reasonable person to conclude that said ALJ rejected the treating experts' medical opinion by virtue of his preconceived notion as to their competence. More so, in this case, the rejected medical evidence was extremely favorable in nature to plaintiff's disability claim.

Certainly, the result in this case could, in theory, be the same had ALJ Montalvo not made such comments, However, due process requires that social security disability proceedings be conducted before an unbiased and impartial ALJ. *Id.* at 105–106 (citing *Gibson v. Berryhill*, 411 U.S. 564, 579, 93 S.Ct. 1689, 36 L.Ed.2d 488 (1973)). Accordingly, upon remand, the Commissioner should assign an ALJ other than Miguel A. Montalvo to preside over plaintiff's claim. The new ALJ is free to consider any additional and/or new evidence he may consider relevant.[1]

**SO ORDERED.**

---

1. The new ALJ should be cognizant that the record contains objective medical evidence of both physical and mental disabling conditions. Consequently, First Circuit caselaw requires the ALJ to base his residual functional capacity finding as to the claimant on a treating/examining source's assessment, rather than that prepared by a non-examining consultant. *See Rivera–Figueroa v. S.H.H.S.*, 858 F.2d 48, 52 (1st Cir.1988); *see also Heggarty v. Sullivan*, 947 F.2d 990, 997 n. 1 (1st Cir. 1991); *Rivera–Torres v. S.H.H.S.*, 837 F.2d 4, 6 (1st Cir.1988); *Martinez v. Commissioner of Social Security*, 306 F.Supp.2d 98, 99 (D.P.R. 2004); *Ruperto Torres v. S.H.H.S.*, 791 F.Supp. 342, 343–344 (D.P.R.1992).