Eddie Lee GIBSON, SS# 258–48–9472, Plaintiff-Appellant,

v.

Margaret M. HECKLER, Secretary, of Health and Human Services, Defendant-Appellee.

No. 84–8745.

United States Court of Appeals, Eleventh Circuit.

Jan. 10, 1986.

* Honorable Seybourn H. Lynne, U.S. District Judge for the Northern District of Alabama, sitting by designation.

Bruce K. Billman, Macon, Ga., for plaintiff-appellant.

Frank L. Butler, Asst. U.S. Atty., Macon, Ga., Marie T. Ransley, Atlanta, Ga., for defendant-appellee.

Before RONEY and CLARK, Circuit Judges, and PITTMAN *, District Judge.

PITTMAN, District Judge:

Eddie Lee Gibson (Mrs. Gibson) appeals from a district court judgment affirming the decision of the Secretary of Health and Human Services (Secretary) to deny her application for Supplemental Security Income (SSI) benefits under § 1614(a)(3)(A) of the Social Security Act (codified at 42 U.S.C. § 1382c(a)(3)(A)). The Secretary based this decision on the findings and

---

* Honorable Virgil Pittman, U.S. District Judge for the Southern District of Alabama, sitting by designation.

conclusions of an administrative law judge (ALJ) who held that Mrs. Gibson was not disabled within the meaning of the Act.[1] Mrs. Gibson asserts five bases of error on appeal. She contends that: (1) the ALJ erroneously failed to consider all of Mrs. Gibson's alleged impairments in combination; (2) the ALJ erroneously determined that Mrs. Gibson had the residual functional capacity to return to her prior work; (3) the ALJ erroneously failed to accord the proper weight to Dr. Tripp's medical report; (4) the ALJ erroneously required objective medical evidence of pain; and (5) the ALJ erroneously determined that Mrs. Gibson's allegations of severe pain were not credible.

Because the ALJ failed to consider all of Mrs. Gibson's impairments in combination and failed to state the weight accorded the impairments and the reasons for his decisions, we reverse the finding of the ALJ and the Secretary that Mrs. Gibson was not disabled. We remand for consideration under the proper legal standards as stated herein. Further, we remand for an additional administrative consideration of certain impairments offered in evidence but not discussed by the ALJ in the earlier proceedings.

## I. SUMMARY OF PROCEEDINGS AND MEDICAL EVIDENCE

Mrs. Gibson, a female in her late forties possessing an eleventh grade education, applied for SSI. Her application was denied, and a hearing was held before an ALJ. The ALJ entered a decision affirming the denial of benefits, and the appeals council of the Social Security Administration denied Mrs. Gibson's request for review. This decision was appealed to the district court, which remanded because the hearing tapes had been lost. The ALJ held a sec-

ond de novo review and again denied benefits. The appeals council affirmed, and a second appeal to the district court ensued. The case was again remanded because the hearing tapes were blank. The ALJ then held a third hearing. The ALJ's decision, which incorporated the findings made after the second hearing, denied benefits on the basis that Mrs. Gibson had the residual capacity to return to her prior occupation as a wig sales clerk. The appeals council and the district court affirmed the denial, and this appeal followed.

Mrs. Gibson testified that her disability stemmed from various physical and psychological ailments: migrating arthritis and limited mobility in her hips and right shoulder, urinary incontinence, hypertension, psoriasis, dizziness, anxiety, nervousness, bronchitis, and as a result of medications, sleepiness and forgetfulness. She also testified that she became short of breath when she walked, could stand for no more than ten minutes before becoming uncomfortable, and could not deal with being around people because of her anxiety and nervousness.

Mrs. Gibson submitted reports of medical diagnoses and treatment by several physicians for her various impairments. In support of her disability, she relied primarily on the report of her most recent physician, Dr. Tripp. Dr. Tripp performed a "motion study" on Mrs. Gibson and concluded that her right shoulder and left hip were limited in motion and use chiefly because of pain. He stated that the pain "markedly restrict[ed] her activities of daily living." No clinical or laboratory findings were offered to support this statement.

Mrs. Gibson also consulted Doctors Johnson, Johns, Cato, Barnes, Mandel, Eilers, and Frolich. None of these doctors, however, expressed an opinion as to Mrs. Gib-

---

**1.** Section 1614(a)(3)(A) of the Social Security Act, 42 U.S.C. § 1382c(a)(3)(A), addresses supplemental benefits and provides than an "individual shall be considered disabled ... if he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continu-

ous period of not less than 12 months...." A physical or mental impairment is "an impairment that results from anatomical, physiological or psychological abnormalities which are demonstrable by medically acceptable clinical or laboratory diagnostic techniques." 42 U.S.C. § 1614(a)(3)(A).

son's disability. Dr. Johnson treated Mrs. Gibson in 1978 for arthritis in the hips. He prescribed medication to keep pain under control. Dr. Johns treated Mrs. Gibson in 1979 and 1980 for hypertension and arthritic pain. Dr. Johns noted no limitation of motion caused by pain. Dr. Barnes examined Mrs. Gibson in 1981 and diagnosed her as having migrating arthritis, iritis, hypertension, nervousness, anxiety, bronchitis, psoriasis, and obesity. Dr. Barnes ordered x-rays of her spine and hips. The x-rays, which were taken by Dr. Cato, revealed spine osteoarthritis and arthritic spurs with bridging. Dr. Mandel performed pulmonary function tests on Mrs. Gibson and concluded that the lung test results were consistent with restrictive pulmonary disease. Dr. Eilers examined and treated Mrs. Gibson in 1982 for hypertension, anxiety, and arthritic hip pain. Dr. Frolich examined Mrs. Gibson in 1981. He concluded that she had arthritic spurs on her spine and calcification in her pelvis. Mrs. Gibson was examined and treated on several other occasions from 1978 to 1981 for iritis, psoriasis, and nervousness.

Mrs. Gibson submitted evidence of her prescribed medications. She also submitted an affidavit by her daughter which stated in effect that Mrs. Gibson could no longer care for herself. It also stated that Mrs. Gibson's pain had become more frequent and severe and was not controllable by medication.

## II. STANDARD OF REVIEW

This court's role in reviewing the factual determinations of the ALJ are limited. The Social Security Act provides that "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive." Substantial evidence is such "relevant evidence as a reasonable mind would accept as adequate to support a conclusion." *NLRB v. Columbian Enameling and Stamping Co.*, 306 U.S. 292, 300, 59 S.Ct. 501, 505, 83 L.Ed. 660 (1939) (citations omitted); *accord, Walden v. Schweik-*

*er*, 672 F.2d 835, 838–39 (11th Cir.1982). The reviewing court must consider the evidence as a whole after reviewing the entire record, *Simmons v. Harris*, 602 F.2d 1233, 1236 (5th Cir.1979),[2] and must consider the "(1) objective medical facts or clinical findings; (2) diagnoses of examining physicians; (3) subjective evidence of pain and disability as testified to by the claimant and corroborated by … his family …; and (4) the claimant's age, education and work history." *DePaepe v. Richardson*, 464 F.2d 92, 94 (5th Cir.1972). The reviewing court cannot reweigh the evidence or substitute its own judgment concerning the facts. *Laffoon v. Califano*, 558 F.2d 253, 254 (5th Cir.1977); *Allen v. Schweiker*, 642 F.2d 799, 800 (5th Cir.1981) (Unit B). Its function is to determine the reasonableness of the decision reached. *Simmons*, 602 F.2d at 1236.

No similar presumption of validity attaches to the Secretary's and the ALJ's conclusions of law. *Smith v. Schweiker*, 646 F.2d 1075, 1076 (5th Cir.1981) (Unit A). Failure to apply the correct legal standards or to provide the reviewing court with a sufficient basis on which to determine that the correct legal principles have been followed or that substantial evidence exists mandates a reversal. *Wiggins v. Schweiker*, 679 F.2d 1387, 1389 (11th Cir.1982).

## III. ISSUES ON APPEAL

### A. *Failure to Consider All Impairments in Combination*

Mrs. Gibson asserts three bases of error concerning the ALJ's consideration of her impairments. First, Mrs. Gibson contends that the ALJ failed to consider each and every alleged impairment. Second, she argues that the ALJ failed to consider all of the impairments in combination. Last, she argues that the ALJ's conclusory statement that all impairments were considered in combination is an inadequate basis for this court's review because the ALJ did not state the weight accorded each impairment

---

**2.** In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981), the Eleventh Circuit

adopted the decisions of the former Fifth Circuit prior to October, 1981 as precedential.

and the reason for his decision on each impairment.

■ This court agrees that the ALJ failed to consider each impairment alleged by Mrs. Gibson and the combined effect of those impairments. Clearly, the ALJ must consider every impairment alleged. *Simmons*, 602 F.2d at 1236; *Walden*, 672 F.2d at 839. The ALJ properly considered and discussed in this case the impairments of arthritis, iritis, hypertension, pain, bronchitis, and urinary incontinence. He failed to address, however, Mrs. Gibson's claimed impairments of psoriasis, nervousness, anxiety, dizziness, and forgetfulness. He did not discuss whether these claimed impairments were sufficiently severe—either singularly or in combination—to create a disability. The ALJ must address the degree of impairment caused by the *"combination of physical and mental medical problems."* *Strickland v. Harris*, 615 F.2d 1103, 1110 (5th Cir. 1980) (emphasis in original); *see also Hudson v. Heckler*, 755 F.2d 781, 785 (11th Cir.1985).

■ The ALJ also failed to state the weight accorded each item of impairment evidence and the reasons for his decisions on such evidence. The ALJ must state specifically the weight accorded each item of evidence and the reasons for his decision. *Hudson*, at 785–86; *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981).

These failures mandate a reversal of the administrative finding that Mrs. Gibson was not diabled. On remand, the ALJ should consider each impairment singularly and in combination to determine disability. The court refers the Secretary and the ALJ to *Correcting Errors Without a New Trial*, 1 Ga. St. L. Rev. 1 (1984), to note that error can be corrected without a retrial by compliance with applicable legal standards.

B. *Proper Consideration of Residual Functional Capacity*

■ This court reverses the ALJ's finding that Mrs. Gibson is not disabled because the ALJ failed to consider all alleged impairments singularly and in combination and failed to state the weight given each claimed impairment. Since the ALJ must reconsider the issue of disability, it must reconsider Mrs. Gibson's residual functional capacity in light of any new findings concerning her disability.

C. *Proper Weight Given Dr. Tripp's Report*

■ Mrs. Gibson argues that the ALJ failed to give proper weight to the most recent medical report by Dr. Tripp, which concluded she was limited in her activities of daily living. Mrs. Gibson relies on the rule that opinions of treating physicians are generally entitled to more weight than opinions of nontreating physicians. *See e.g., Fruge v. Harris*, 631 F.2d 1244, 1246 (5th Cir.1980). We are unable to accept the application of that rule in this case because Dr. Tripp saw Mrs. Gibson only one time. The ALJ applied the correct principle of law and gave Dr. Tripp's report sufficient weight.

D. *Proper Consideration of Pain Evidence and Resulting Credibility Determination*

■ Mrs. Gibson contends that the ALJ erroneously required objective medical evidence to support her testimonial assertions of severe, disabling pain. The ALJ held:

While pain, in itself, can be of sufficient severity to produce a disability, the Administrative Law Judge concludes that the *claimant's allegations of pain so severe* that she cannot engage in any substantial gainful activity are *not credible;* therefore, claimant's pain is not of sufficient severity to produce disability.

ALJ opinion of June 30, 1982 (emphasis added). It is well established that reversible error exists if complaints of subjective pain are disregarded simply because they are not supported by objective clinical and laboratory medical findings. *Diorio v. Heckler*, 721 F.2d 726, 728–29 (11th Cir. 1983); *Smith*, 646 F.2d at 1082 (citation omitted); *Walden*, 672 F.2d at 840. In this case, however, the ALJ did not ignore Mrs. Gibson's claim of severe pain; he merely

determined that her claim was not credible. *Gaultney v. Weinberger,* 505 F.2d 943, 945–46 (5th Cir.1974). This credibility decision was within the realm of the Secretary's judgment. *See Arnold v. Heckler,* 732 F.2d 881, 884 (11th Cir.1984) (citing *Chaney v. Califano,* 588 F.2d 958, 960 (5th Cir.1979)). The ALJ must necessarily review the medical evidence and make a credibility determination in assessing the claimant's disability on the basis of pain. *Bloodsworth v. Heckler,* 703 F.2d 1233, 1242 (11th Cir.1983). When the ALJ's statement is read in context, it is clear that the ALJ determined that the claims of severe pain were not credible and that Mrs. Gibson's pain was not sufficient to be disabling in itself. *See Arnold,* 732 F.2d at 883–84. This determination was not clearly erroneous.

## IV. CONCLUSION

We reverse the district court's affirmance of the Secretary's denial of benefits and remand the case with orders for the district court in turn to remand to the Secretary for further consideration in accordance with the standards of law stated in this opinion.

REVERSED and REMANDED.