**Ediberto QUIJANO, Plaintiff,**

v.

**SECRETARY OF HEALTH & HUMAN SERVICES, Defendant.**

**Civ. No. 91–1532 (JP).**

United States District Court, D. Puerto Rico.

March 30, 1992.

---

Manuel Medina Jaca, San Juan, P.R., for plaintiff.

José Vázquez García, Asst. U.S. Atty., Hato Rey, P.R., for defendant.

## OPINION AND ORDER

PIERAS, District Judge.

This is an action brought under § 205(g) of the Social Security Act ("the Act"), as amended 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Secretary of Health and Human Services ("the Secretary") denying plaintiff's claim for disability insurance benefits. We note from the outset that in reviewing the decision of the Secretary, we need only conclude whether or not the determination of the Secretary was founded upon substantial evidence in the record as a whole. 5 U.S.C. § 706(2) (1977); *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). Upon a thorough review of the record, the Court concludes that the Secretary's finding that the plaintiff is not disabled is not supported by substantial evidence in the record. The decision of the Secretary is therefore remanded for proceedings consistent with this opinion.

## PLAINTIFF'S MEDICAL BACKGROUND

Plaintiff is a fifty-one year old man whose relevant work experience was as a stock person in a supermarket for the past twenty years. His formal education extends through the seventh grade. The plaintiff stopped working after October 24, 1988, when the increasing back and neck pain from an injury he sustained on February 2, 1987, made his job duties of lifting boxes unbearable. On February 7, 1987, a box fell upon the plaintiff as he was moving a stack of boxes at his place of employment. He alleges back pain and neck pain from a cervical injury, urinary incontinence, and a mental impairment. The Administrative Law Judge ("the ALJ") whose decision is the final decision of the Secretary, concluded that the combination of the plaintiff's cervical ailments amounted to an impairment which prevents the plaintiff from performing his past relevant work as a stock person, but allows him to perform the full range of light work.

## URINARY INCONTINENCE

During the administrative hearing which the ALJ held on May 3, 1990, the plaintiff stated: "I have no control over my urinating function. I can't do anything because the urine comes out before I get to the bathroom, I urinate on myself." (Tr. 33). The plaintiff further explained that such incidents occur, "All the time, every one or two days." (Tr. 33). The plaintiff's medical record also makes mention of the plaintiff's difficulty with urine control. (Tr. 236).

Even though the ALJ was presented with the foregoing accounts of one of the plaintiff's ailments, the ALJ failed to consider it when evaluating the plaintiff's condition. (Tr. 10–15). In addition the ALJ initially presented the vocational expert with a hypothetical question which discounted the plaintiff's alleged ailment. "[A]ssuming that the claimant's peeing is

bearable and would not interfere with his ability to maintain his attention and concentration, under these circumstances, in your opinion, which will be the jobs existing in Puerto Rico or immediately applicable to the claimant?" (Tr. 41). When the vocational expert was asked to assume that everything which the plaintiff claimed was true, the vocational expert testified that "urination without control" would be one of the ailments when combined with the others which would result in a determination of complete disability. (Tr. 43). There is no evidence in the record to contradict the plaintiff's assertion that he suffers from urinary incontinence.

■ Urinary incontinence is considered an impairment for purposes of the Social Security Act. *Gibson v. Heckler,* 779 F.2d 619, 623 (11th Cir.1986). Therefore, the ALJ was under a duty to consider the impairment, state the weight accorded to the impairment, and the reasons for his decisions on such evidence. *Id.* The ALJ's observation of the plaintiff's demeanor is inconsequential in this context because, "[t]he mere fortuity that plaintiff did not lose control over his bladder during the course of the hearing should not be found to outweigh the uncontradicted medical evidence." *Pascariello v. Heckler,* 621 F.Supp. 1032, 1037 (D.C.N.Y.1985). *See also Bluvband v. Heckler,* 730 F.2d 886, 891 (2d Cir.1984).

■ The ALJ is not a medical professional and thus he is not at liberty to substitute his own impression of an individual's health for uncontroverted medical opinion. *Suárez v. Secretary of Health and Human Services,* 740 F.2d 1 (1st Cir.1984). Furthermore, the social security regulations provide that if the Secretary is doubtful as to the severity of a disorder the appropriate course is to request a consultative evaluation at the Secretary's expense. 20 C.F.R. § 404.1517; *Carrillo Marin v. Secretary of Health and Human Services,* 758 F.2d 14, 17 (1st Cir.1985). It was an error for the ALJ to have failed to ascertain whether the plaintiff's bladder problem was medically sufficient to support a

diagnosis of urinary incontinence. *Pascariello,* 621 F.Supp. at 1037.

Wherefore, in view of the foregoing, we are compelled to reject the ALJ's decision as it is not supported by substantial evidence in the record, and remand this case for proceedings consistent with this opinion. Judgment shall be entered accordingly.

IT IS SO ORDERED.