[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 29, 2005
THOMAS K. KAHN
CLERK

_____

No. 05-11346
Non-Argument Calendar
_____

D. C. Docket No. 03-01624-CV-ORL-JGG

DANIEL F. HURLEY,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 29, 2005)

Before HULL, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Daniel F. Hurley appeals the order of the district court that affirmed the denial of his application for disability insurance benefits and supplemental security income. Because the denial of Hurley's disability insurance benefits and supplemental security income was supported by substantial evidence and the Administrative Law Judge applied the correct legal standards, we affirm.

## I. STANDARD OF REVIEW

We review a social security appeal to determine whether the decision of the ALJ is supported by substantial evidence and whether the ALJ applied the correct legal standards. See 42 U.S.C. § 405(g); Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004). Substantial evidence is "such relevant evidence as the reasonable mind might accept as adequate to support a conclusion." Walden v. Schweiker, 672 F.2d 835, 838 (11th Cir. 1982). We review de novo the decision of the district court regarding whether substantial evidence supports the findings. Wilson v. Barnhart, 284 F.3d 1219, 1221 (11th Cir. 2002).

## II. DISCUSSION

Hurley makes three arguments on appeal. First, he contends that the medical evidence overwhelmingly showed that he had underlying medical conditions that cause him severe and disabling pain, and the ALJ erred in failing to develop the record concerning his objective evidence of pain. Hurley next argues that the

decision of the ALJ is not supported by substantial evidence because the ALJ relied on the testimony of a vocational expert and failed to pose a hypothetical question that comprised all of Hurley's impairments. Finally, Hurley contends that the ALJ erred in failing to evaluate all of Hurley's impairments individually and in combination. We address each argument in turn.

*A. Failure to Develop Record*

Hurley argues that the ALJ erred in failing to develop the record concerning the objective evidence of pain and that the ALJ failed to properly evaluate his pain. Although a claimant may establish a disability through his own testimony regarding pain, the claimant must also provide "(1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is such a severity that it can reasonably be expected to give rise to the alleged pain." Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991). "A claimant's subjective testimony supported by medical evidence that satisfies the pain standard is itself sufficient to support a finding of disability." Foote v. Chater, 67 F.3d 1553, 1560-61(11th Cir. 1995). After an impairment is established, the ALJ must consider the medical signs and laboratory findings with the evidence regarding the intensity, persistence, and functionally limiting effects

3

of the pain or other symptoms in deciding the issue of disability. Id.

The ALJ also must make credibility determinations regarding a claimant's complaints of pain. Wiggins v. Schweiker, 679 F.2d 1387, 1391 (11th Cir. 1982). If the ALJ discredits a claimant's subjective complaints of pain, the ALJ must articulate the reasons for this conclusion based on substantial evidence. Jones v. Department of Health and Human Services, 941 F.2d 1529, 1532 (11th Cir. 1991). Although the ALJ "has a duty to develop a full and fair record," Brown v. Shalala, 44 F.3d 931, 934 (11th Cir. 1995), "there must be a showing of prejudice before we will find that the claimant's right to due process has been violated to such a degree that the case must be remanded to the Secretary for further development of the record." Id. at 935. Before ordering a remand, we review the administrative record as a whole to determine if it is inadequate or incomplete or "shows the kind of gaps in the evidence necessary to demonstrate prejudice." Graham v. Apfel, 129 F.3d 1420, 1423 (11th Cir. 1997). "The lack of medical and vocational documentation supporting an applicant's allegations of disability is undoubtedly prejudicial to a claim for benefits." Brown, 44 F.3d at 935-36.

Substantial evidence supports the determination of the ALJ regarding Hurley's evidence of pain. The objective and subjective medical evidence supports the finding of the ALJ that the alleged pain arising from Hurley's condition is not

4

disabling.   The determination of the ALJ that Hurley impairments were not severe within the meaning of the regulations is supported by the medical records of Hurley's treating physician and the most recent mental and physical residual function capacity examinations.  The inconsistencies in Hurley's testimony and the diagnostic and clinical findings further support the determination that Hurley's condition is not severe.  We also conclude that the record was sufficiently developed for the ALJ to evaluate Hurley's impairments and functional ability. The record does not show the kind of gaps in evidence necessary to demonstrate prejudice.   See Graham, 129 F.3d at 1423.

### B.  Vocational Expert

After a claimant has established some disability that prevents him from performing his past relevant work, the burden shifts to the ALJ to demonstrate the existence of a significant number of jobs in the national economy that the claimant can perform.  Jones v. Apfel, 190 F.3d 1224, 1228 (11th Cir. 1999).  An ALJ uses either of two methods to determine whether a claimant has the ability to adjust to other work in the national economy: (1) applying the Medical Vocational Guidelines, or (2) using a vocational expert.  Phillips v. Barnhart, 357 F.3d 1232, 1239-40 (11th Cir. 2004).  Testimony from a vocational expert is the preferred method for introducing independent evidence of the existence of jobs in the

national economy that the claimant can preform.  Wilson v. Barnhart, 284 F.3d 1219, 1227 (11th Cir. 2002).

"[F]or a [vocational expert]'s testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." Id.  "Essentially, the ALJ must determine if there is other work available in significant numbers in the national economy that the claimant has the ability to perform." Phillips, 357 F.3d at 1239.  The ALJ uses hypothetical questions to determine whether someone with the same limitations as the claimant would be able to secure employment in the national economy. See id.  After the ALJ identifies alternative work, the burden shifts to the claimant to demonstrate that he is unable to perform those jobs. Id.

Hurley's argument that the hypothetical questions posed by the ALJ to the vocational expert were not supported by substantial evidence fails.  The ALJ properly relied on the opinion of the vocational expert because the hypotheticals posed to the vocational expert addressed all of Hurley's impairments.  The second and third hypotheticals accurately reflected Hurley's impairments and a residual functional capacity for a limited range of light work.  The vocational expert testified that, although Hurley could not return to his past work, he could do other work in the national economy.  The Commissioner, therefore, carried the burden of

6

proving that Hurley could perform other work, and Hurley failed to establish that he could not perform the jobs identified by the vocational expert. See Jones, 190 F.3d at 1228.

## C.  Evaluation of Impairments

Hurley argues that the ALJ erred in failing to evaluate all of Hurley's impairments individually and in combination.  An ALJ must consider each impairment alleged.  Gibson v. Heckler, 779 F.2d 619, 623 (11th Cir. 1986).  "Where a claimant has alleged several impairments, the Secretary has a duty to consider the impairments in combination and to determine whether the combined impairments render the claimant disabled."  Jones, 941 F.2d at 1533.

The ALJ properly evaluated all of Hurley's impairments.  The ALJ made specific statements explaining that the medical evidence established that Hurley had a combination of severe impairments, but these impairments did not meet or medically equal the listed impairment in Appendix 1, Subpart P, Regulations No. 4.  The ALJ explicitly found that Hurley has degenerative disc disease of the lumbar nad cervical spine, asymptomatic hepatitis C infection, probable arthritis in the left knee, mild cerebellar disease due to chronic alcohol abuse, somatoform and substance-induced disorders, a major depressive disorder, a possible cognitive disorder, and a substance addition disorder.  Although there was no medical

7

evidence to support Hurley's claims of numbness in his left hand and side effects from his medication, the ALJ implicitly addressed these alleged impairments through the hypothetcials. Substantial evidence supports the conclusion that the ALJ considered the individual and combined effects of Hurley's impairments. <u>See</u> <u>Wilson</u>, 284 F.3d at 1224.

## III. CONCLUSION

Based on the foregoing, the denial of disability insurance benefits to Hurley is **AFFIRMED.**