[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-11192
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 1, 2011
JOHN LEY
CLERK

D. C. Docket No. 6:08-cv-01609-DAB

ANTHONY JAMES CARTER,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the  Middle District of Florida

_____

(February 1, 2011)

Before TJOFLAT, WILSON, and ANDERSON, Circuit Judges.

PER CURIAM:

Anthony Carter appeals the district court's order affirming the

administrative law judge's ("ALJ") denial of his application for Social Security

Disability Insurance Benefits ("DIB"), 42 U.S.C. § 405(g), and Supplemental Security Income ("SSI") benefits, 42 U.S.C. 1383(c)(3). In his application, Carter stated that he was HIV positive, was experiencing problems with his left hip, suffered from genital herpes, and suffered from adjustment order. On appeal, Carter first argues that the ALJ erred by failing to make required findings regarding the effect that the medications he took had on his ability to work. Second, Carter asserts that the ALJ's hypothetical question to a vocational expert did not include all of his impairments. Specifically, Carter argues that the ALJ failed to include his vision problems, dizziness, headaches, concentration problems, or adjustment disorder in his hypothetical question. Finally, Carter contends that the ALJ erred by not giving controlling weight to a note written by his treating physician, Dr. Daniel Warner, in which Dr. Warner allegedly stated that Carter was unable to work.

In Social Security appeals, we review the decision of an ALJ as the Commissioner of Social Security's final decision when the ALJ denies benefits and the Appeals Council denies review of the ALJ's decision, as was the case in this appeal. Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001). We review the Commissioner's legal conclusions de novo and consider whether the Commissioner's factual findings are supported by substantial evidence. Lewis v.

2

Barnhart, 285 F.3d 1329, 1330 (11th Cir. 2002). "Substantial evidence is less than a preponderance, but rather such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005). We are precluded from "deciding the facts anew, making credibility determinations, or re-weighing the evidence." Id.

"The social security regulations establish a five-step evaluation process, which is used to determine disability for both SSI and DIB claims." Id.

> In order to receive disability benefits, the claimant must prove at step one that he is not undertaking substantial gainful activity. At step two, the claimant must prove that he is suffering from a severe impairment or combination of impairments. At step three, if the claimant proves that his impairment meets one of the listed impairments found in Appendix 1, he will be considered disabled without consideration of age, education, and work experience. If the claimant cannot prove the existence of a listed impairment, he must prove at step four that his impairment prevents him from performing his past relevant work. At the fifth step, the regulations direct the Commissioner to consider the claimant's residual functional capacity, age, education, and past work experience to determine whether the claimant can perform other work besides his past relevant work.

Doughty, 245 F.3d at 1278 (citations omitted).

## I. Medication Side Effects

Carter's first argument on appeal is that the ALJ improperly disregarded his testimony as to the detrimental side effects that were being caused by the many medications that he was taking for his ailments. There was substantial evidence in

the record for the ALJ's findings that Carter's testimony as to the side effects was not credible.

The "ALJ must state specifically the weight accorded each item of evidence and the reasons for his decision." Gibson v. Heckler, 779 F.2d 619, 623 (11th Cir. 1986). Specifically, the ALJ has a duty to make a finding regarding whether the side effects of medications taken by a Social Security claimant render that claimant disabled. Cowart v. Schweiker, 662 F.2d 731, 737 (11th Cir. 1981).

When a claimant attempts to establish disability through his own testimony of subjective symptoms, we have established a three-part test that requires: "(1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged [symptom] arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged [symptom]." Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991). "If proof of a disability is based upon subjective evidence and a credibility determination is, therefore, critical to the decision, the ALJ must either explicitly discredit such testimony or the implication must be so clear as to amount to a specific credibility finding." Foote v. Chater, 67 F.3d 1553, 1562 (11th Cir. 1995) (quotation omitted). We have affirmed an ALJ's decision that a claimant's testimony as to the alleged

levels of pain and symptoms he experienced was not credible where the allegations were inconsistent with activities of daily living, limited use of pain medication, and effectiveness of treatment. See Wilson v. Barnhart, 284 F.3d 1219, 1226 (11th Cir. 2002).

The ALJ did not err in considering and rejecting Carter's claim regarding alleged side effects from his medications. The judge found the claims not to be credible based on medical evidence in the record and Carter's daily activities. The judge elicited testimony from Carter on the nature of the side effects of the medication and made findings on this line of evidence. Specifically, the ALJ noted that there was no notation in Dr. Warner's records indicating either that Carter complained that his medications were causing side effects or that Warner believed that the medications were causing the symptoms complained of by Carter in his hearing. The ALJ further found that Carter's medical conditions, rather than his medications, could be causing the alleged symptoms. However, he determined that the medical records showed that these conditions were being effectively treated, as noted by Dr. Warner's assessment that the HIV had been stabilized. The findings of the ALJ were supported by substantial evidence in the record. His determination to disregard Carter's complaints of the side effects of the medication was proper.

5

## II. Hypothetical Question to the Vocational Expert

At step five of the evaluation process, the burden shifts to the Commissioner to prove that other jobs exist in the national economy that the claimant can perform. Wolfe v. Chater, 86 F.3d 1072, 1077 (11th Cir. 1996). "The ALJ must articulate specific jobs that the claimant is able to perform, and this finding must be supported by substantial evidence, not mere intuition or conjecture." Wilson, 284 F.3d at 1227. One manner of determining this is for the ALJ to ask a vocational expert hypothetical questions "to establish whether someone with the limitations that the ALJ has previously determined that the claimant has will be able to secure employment in the national economy." Phillips v. Barnhart, 357 F.3d 1232, 1240 (11th Cir. 2004). In order for a vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments. Vega v. Comm'r of Soc. Sec., 265 F.3d 1214, 1220 (11th Cir. 2001). However, the ALJ is not required to include findings in the hypothetical that the ALJ has found to be unsupported. Crawford v. Comm'r of Soc. Sec., 363 F.3d. 1155, 1161 (11th Cir. 2004).

Substantial evidence supports the ALJ's finding that there existed jobs that Carter could perform in the national economy. The ALJ properly omitted Carter's dizziness, headaches, and vision problems in his hypothetical question because he

found these to be unsupported by the record. Although the hypothetical did not specifically reference Carter's adjustment disorder–his concentration, persistence, and pace problems–if this was error, that error was harmless. The judge's determination that these problems did not affect Carter's ability to work was supported by evidence in the record, which showed that Carter had received only limited treatment for these problems and that Dr. J. Jeff Oatley, a psychologist who had examined Carter, deemed his impairments to be mild. Thus, the ALJ's reference to the "need to avoid unusual stress"–adjustment disorders being a stress-related disturbance–in his hypothetical question to the vocational expert sufficiently encompassed Carter's limitations. Therefore, the vocational expert's analysis provided substantial evidence that there were a significant number of jobs in the national economy that Carter could perform.

### III. Treating Physician's Opinion

"The ALJ must clearly articulate the reasons for giving less weight to the opinion of a treating physician, and the failure to do so is reversible error." Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997). Where the ALJ articulates specific reasons for failing to give the opinion of a treating physician controlling weight, and those reasons are supported by substantial evidence, there is no reversible error. Moore, 405 F.3d at 1212. The ALJ must give the opinion of a

treating physician "substantial or considerable weight unless 'good cause' is shown to the contrary." Phillips, 357 F.3d at 1240. "This Court has concluded that 'good cause' exists when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." Id. at 1240-41.

The ALJ did not err in failing to give controlling weight to the notation by Carter's treating doctor, Dr. Warner, allegedly indicating that Carter was unable to work. The evidence in question is a notation made in Warner's records indicating that Carter had called and requested a note that could be submitted as part of an application for food stamps and would confirm that Carter was unable to work at that time. The ALJ accepted this as Warner's determination that Carter was physically unable to work, but declined to adopt this in his finding.

The ALJ based his decision on the fact that Warner's determination rested on Carter's subjective complaints of symptoms that the ALJ had found not to be credible and because it was inconsistent with Warner's medical records, which showed that Carter's HIV had been stabilized by the medication. Warner's opinion that Carter was unable to work in 2005, as it was presented in this case, was conclusory. It deserved little weight because it omitted any discussion of why

the claimant's diagnosed condition made it "impossible for the claimant to be gainfully employed, or the nature or permanence of the disability." Johns v. Bowen, 821 F.2d 551, 555 (11th Cir. 1987). Substantial evidence supports the ALJ's findings that the examining physician's opinion was entitled to little weight because it was conclusory and inconsistent with the doctor's own medical records.[1]

The ALJ did not commit any legal error in determining that Carter was not disabled. Upon review of the administrative and district court record and consideration of the parties' briefs, we affirm.

**AFFIRMED.**[2]

---

[1] Carter also claims that too much weight was assigned to the opinions of non-examining physicians in relation to Warner's opinion. Because we find that the ALJ's ruling not giving controlling weight to Warner's opinion was proper, this claim is mooted.

[2] Appellant's request for oral argument is denied as moot.