[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-11647

Non-Argument Calendar

_____

RAHEEM ELLIS,

Plaintiff-Appellant,

*versus*

ACTING COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:20-cv-02868-AJB

_____

Before JORDAN, BRANCH, and TJOFLAT, Circuit Judges.

PER CURIAM:

Raheem Ellis appeals from the District Court's order affirming the Commissioner of the Social Security Administration's (the "Commissioner") denial of his application for disability insurance benefits ("DIB"), pursuant to 42 U.S.C. § 405(g).[1]

On appeal, Ellis argues that substantial evidence does not support the Administrative Law Judge's (the "ALJ") decision to give little weight to the opinions of treating psychiatrists, Dr. Lantie Quinones and Dr. Linda Welkovich; non-treating psychologist, Dr. Roger Raftery; and non-treating Social Security Administration ("SSA") medical expert, Dr. Sridhar Yaratha. He also asserts that, because Dr. Yaratha was a medical expert brought in at the ALJ's behest, the ALJ should have recontacted Dr. Yaratha to clarify her opinion as needed before discounting it. He states that, by failing to do so, the ALJ abdicated her duty to develop a full and fair record.

Because the Appeals Council declined to review the ALJ's decision, we review it as the Commissioner's final decision. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). We review

---

[1] According to 42 U.S.C. § 405(g), "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow."

whether the Commissioner's DIB decisions are supported by substantial evidence and review *de novo* whether the correct legal standards were applied. *See Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). Substantial evidence is any relevant evidence, greater than a scintilla, that a reasonable person would accept as adequate to support a conclusion. *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). "[T]he threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).

If, considering the record as a whole, substantial evidence supports the Commissioner's decision, we will not disturb it. *Lewis*, 125 F.3d at 1439. Even if the evidence preponderates against the Commissioner's decision, we must affirm if substantial evidence supports the disability determination. *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (per curiam). Under this standard of review, we will not decide the facts anew, make credibility determinations, or reweigh the evidence. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011).

An individual claiming DIB bears the burden of proving that he is disabled, and, consequently, he is responsible for producing evidence in support of his claim. *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003) (per curiam); 20 C.F.R. § 416.912(a). The ALJ uses a five-step, sequential evaluation process to determine whether a claimant is disabled.[2] *Winschel*, 631 F.3d at 1178. If an

---

[2] This five-step, sequential evaluation requires the ALJ to determine "(1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the

ALJ finds a claimant disabled or not disabled at any given step, the ALJ does not proceed to the next step. 20 C.F.R. § 404.1520(a)(4). At the fourth sequential step, the ALJ determines a claimant's residual function capacity ("RFC") by considering his or her "ability to meet the physical, mental, sensory, and other requirements of work." 20 C.F.R. § 404.1545(a)(4). The RFC is the most a claimant can do despite his restrictions. *Id*. § 404.1545(a)(1). The ALJ examines all relevant medical and other evidence, including any statements about what the claimant can still do provided by medical sources and descriptions and observations by the claimant, her family, her neighbors, her friends, or others, of her limitations, including limitations resulting from pain. *Id*. § 404.1545(a)(3).

For claims filed before March 27, 2017, the opinions of treating physicians and non-treating physicians are treated differently. *See Gibson v. Heckler*, 779 F.2d 619, 623 (11th Cir. 1986) (citing *Fruge v. Harris*, 631 F.2d 1244, 1246 (5th Cir.1980)); *see also* 20 C.F.R. § 404.1520c(a) (forbidding ALJs from deferring or giving any specific evidentiary weight to any medical opinions for claims filed on or after March 27, 2017). A non-treating physician's opinion based on a single examination is "not entitled to great weight." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1160 (11th Cir. 2004) (per

---

specified impairments in the Listing of Impairments; (4) based on a residual functional capacity ("RFC") assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's RFC, age, education, and work experience." *Winschel*, 631 F.3d at 1178.

curiam).  However, a treating physician's opinion "must be given substantial or considerable weight unless 'good cause' is shown to the contrary." *Lewis*, 125 F.3d at 1440 (quoting *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986)).

In determining the weight to give a medical opinion, the ALJ considers several factors, including: (1) the examining relationship; (2) the treatment relationship, including the length and nature of the relationship; (3) the supportability of the opinion; and (4) the consistency of the opinion with other evidence.  20 C.F.R. § 404.1527(c)(1)–(4).  Good cause for discounting the opinion of a treating physician exists when: (1) the treating physician's opinion was not bolstered by the evidence; (2) the evidence supported a contrary finding; or (3) the treating physician's opinion was conclusory or inconsistent with her own medical records.  *Winschel*, 631 F.3d at 1179.  When good cause exists, the ALJ may disregard a treating physician's opinion but must clearly articulate the reasons for doing so.  *Id.*

In rejecting a treating physician's opinion because it is inconsistent with the source's own medical records, an ALJ must identify a "genuine" inconsistency.  *Schink v. Comm'r of Soc. Sec.*, 935 F.3d 1245, 1262 (11th Cir. 2019) (per curiam).  A failure to do so is reversible error.  *Lewis*, 125 F.3d at 1440.  In the context of mental and emotional disorders, we have explained that it is not enough for the ALJ to merely point to "positive or neutral observations that create, at most, a trivial and indirect tension with the treating physician's opinion by proving no more than that the claimant's impairments are not all-encompassing."  *Simon v. Comm'r, Soc. Sec.*

6                    Opinion of the Court                    22-11647

*Admin.*, 7 F.4th 1094, 1107 (11th Cir. 2021) (quoting *Lewis*, 125 F.3d at 1440). We have also observed that when evaluating a claimant's medical records, an ALJ must consider the fundamental differences between the relaxed, controlled setting of a medical clinic and the more stressful environment of a workplace. *Id.*

The ALJ has a basic duty to develop a full and fair record. *See* 20 C.F.R. § 416.912(b); *Graham v. Apfel,* 129 F.3d 1420, 1422 (11th Cir. 1997) ("Because a hearing before an ALJ is not an adversary proceeding, the ALJ has a basic obligation to develop a full and fair record."). As such, when the evidence received from a medical source is inadequate to determine whether the claimant is disabled, the ALJ should take steps to resolve the inadequacy—including recontacting the medical source, requesting additional evidence from the claimant, or asking the claimant to undergo a consultative examination. 20 C.F.R. §§ 404.1520b(b)(2). However, an ALJ has no obligation to further develop the record when the available evidence is sufficient to make a disability determination. *See Kelley v. Heckler*, 761 F.2d 1538, 1540 (11th Cir. 1985) (per curiam) (explaining that a showing of prejudice, or a showing that the ALJ did not have all of the relevant evidence before him in the record or did not consider all of the evidence in the record, must be made before requiring remand); *Wilson v. Apfel*, 179 F.3d 1276, 1278 (11th Cir. 1999) (per curiam) (holding that the record, "which included the opinions of several physicians . . . , was sufficient for a decision and additional expert testimony was unnecessary.").

In evaluating whether sufficient prejudice exists to warrant remand, we are guided by "whether the record reveals evidentiary

22-11647               Opinion of the Court                    7

gaps which result in unfairness or clear prejudice." *Brown v. Shalala,* 44 F.3d 931, 935–36 (11th Cir. 1995) (per curiam) (determining that prejudice existed where the ALJ failed to obtain records which were the subject of testimony, to acquire a report which he stated he would review, and to question an available witness when the claimant herself was unable to explain how her disabilities prevented her from working).

In this case, the ALJ's decision to discount the opinions of Dr. Quinones, Dr. Welkovich, Dr. Raftery, and Dr. Yaratha was clearly articulated and supported by substantial evidence, and we affirm. We briefly address each opinion in turn, keeping in mind (1) that the ALJ only needed to find more "than a scintilla" of evidence to satisfy the substantial evidence standard; and (2) if the ALJ met that standard, we will not reweigh the evidence, engage in factfinding, or make our own credibility determinations.

As to Dr. Quinones's opinion, substantial evidence supports the ALJ's decision to discount the opinion because it was conclusory and contradicted by Dr. Quinones's own treatment notes.[3] Notably, the ALJ pointed to three main inconsistencies in Dr. Quinones's opinion: (1) Dr. Quinones indicated that she saw Ellis every three months for three years, but the record indicated she had seen him more sporadically than that; (2) Dr. Quinones incorrectly reported her own GAF scores for Ellis, as well as the GAF

---

[3] Because this was a sufficient basis for discounting the opinion, we do not reach the ALJ's additional rationale for her decision—that Dr. Quinones's opinion was inconsistent with other evidence in the record.

scores of other providers; and (3) Dr. Quinones described Ellis as having side effects from Citalopram and Clonazepam such as sedation, nausea, and cognitive dulling, but Ellis only reported sedation as a side effect regarding those two drugs—he attributed the other side effects he reported (roughly a year later) to a new antidepressant medication, which Dr. Quinones stopped prescribing him. The ALJ also found that Dr. Quinones did not cite any clinical findings demonstrating the severity of symptoms, choosing instead to base her findings on Ellis's uncorroborated reports. These discrepancies are enough to constitute "good cause" for discounting Dr. Quinones's opinion.

Similarly, as to Dr. Welkovich's opinion, substantial evidence supports the ALJ's decision to discount that opinion because her opinion was unsupported by her notes and objective clinical findings. Dr. Welkovich's examinations never showed any of the deficits she noted in her statement and opinion about Ellis's ability to work, nor did her exams support the extreme impairment she claimed Ellis had.

Lastly, the ALJ did not err in discounting Dr. Raftery and Dr. Yaratha's opinions as both were entitled to little weight as opinions from non-treating medical sources. Dr. Raftery had only seen Ellis once; Dr. Yaratha had never seen Ellis. Both opinions suffered from issues with supportability. Dr. Yaratha, specifically, failed to properly support her findings, despite explicit and repeated instructions to do so.

Ellis also argues that we must remand the case because the ALJ did not comply with its duty to develop a full or fair record,

22-11647                Opinion of the Court                9

and the ALJ should have recontacted Dr. Yaratha prior to denying his DIB request.  But Ellis has not pointed to any gaps in the evidentiary record, and nothing suggests that the record, which included the opinions of several medical professionals, was insufficient.  *See Apfel*, 179 F.3d at 1278.  Thus, the ALJ's duty to develop a full and fair record did not compel her to recontact Dr. Yaratha.  Accordingly, we affirm.

**AFFIRMED**